**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SAFE IP LLC,**  Plaintiff,  v.  **COPYLEAKS, INC.**  Defendant. | Civil Action No.: 1:22-cv-00918-CFC  **TRIAL BY JURY DEMANDED** |
| **SAFE IP LLC,**  Plaintiff,  v.  **GRAMMARLY, INC.,**  Defendant. | Civil Action No.: 1:22-cv-00919-CFC |
| **SAFE IP LLC,**  Plaintiff,  v.  **PROCTORIO, INC.,**  Defendant. | Civil Action No.: 1:22-cv-00920-CFC |

**PLAINTIFF'S MOTION TO STAY**

On November 15, 2022, Nimitz Technologies LLC ("Nimitz") filed with the United States Court of Appeals for the Federal Circuit a *Petition for Writ of Mandamus* in connection with cases Civ. No. 21-1247-CFC, Civ. No. 21-1362-CFC, Civ. No. 21-1855-CFC and Civ. No. 22-413-CFC (the "Nimitz Petition"). *In re*

*Nimitz Technologies LLC*, No. 23-103 (Fed. Cir.). On November 17, 2022, the Court of Appeals for the Federal Circuit ordered briefing of Nimitz' Petition and stayed the Memorandum Order involved in the Nimitz Petition "pending further action of [the Federal Circuit]."

Plaintiff Safe IP, LLC has conferred with Defendants which all take no position on this motion. All cases have been voluntarily dismissed.

Plaintiff Safe IP, LLC, by and through undersigned counsel, respectfully moves this Court to stay any and all Orders and/or further proceedings in the above-captioned cases, including staying the evidentiary hearing scheduled for November 30, 2022, until such time as the Federal Circuit terminates the stay in connection with the Nimitz Petition.

This Court has discretion to stay litigation pending before the Court. Three factors are considered when deciding a motion to stay: (a) whether granting the stay will simplify the issues for trial; (b) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (c) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *E.g.*, *C.R. Bard, Inc. v. AngioDynamics, Inc.*, 2022 U.S. Dist. LEXIS 36636 at *8 (D. Del. 2022). *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, 2003 U.S. Dist. LEXIS 27397, *3 (D.Del. Jan. 30, 2003).

Plaintiff submits that the decision on the Nimitz Petition will clarify jurisdictional concerns and is likely to be dispositive in the above-captioned cases as well. The captioned litigations already have been dismissed by a stipulation of dismissal or notice voluntary dismissal. *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 407 (3rd Cir. 2016); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (3rd Cir. 2010); *First Nat'l Bank v. Marine City, Inc.*, 411 F.2d 674, 677 (3rd Cir. 1969). The requested stay would not cause Defendant to suffer any prejudice. Plaintiff further submits that a stay of the above-captioned cases will conserve party and judicial resources, including eliminating the need for multiple parallel petitions for mandamus.

>With regard to stays pending appeals, the normal rule is that:
>
>In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest.

*In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). *See California v. Davis (In re Venoco, LLC)*, 2020 U.S. Dist. LEXIS 8349 at *6-7 (D. Del. 2020) (applying rule).

The above factors are met in this case. The Federal Circuit has stayed the Court's similar actions in the Nimitz cases, which implies that the Federal Circuit questions whether such proceedings should be occurring before they rule on the

3

Mandamus.  Furthermore, unlike the Nimitz cases, these cases are already dismissed, and, thus, a stay of the Memorandum Order will not impact the proceedings of the case.  Given that the cases are dismissed, there can be neither prejudice nor substantial harm to any party in granting the stay pending the Petition.  At the same time, Plaintiff can suffer irreparable injury absent a stay as Plaintiff may be ordered to disclose highly confidential materials that the law may not consider relevant to any issue in the case.  Finally, a stay is in the public interest because a stay will avoid the uncertainty of piecemeal litigation where Plaintiff may be forced to proceed in an unprecedented context while the validity of the process is being considered by an appellate court.

Very importantly, the stay will avoid the need for Plaintiff to file its own petition for a writ of mandamus.  Plaintiff will be required to file the petition because these cases present the additional factor that the cases have been dismissed pursuant to Fed. R. Civ. P. 41(a) and thus will raise the question of whether this Court has jurisdiction *vel non* to pursue its *sua sponte* inquiries. Thus, a stay of the above-captioned cases will conserve party and judicial resources, including eliminating the need for multiple parallel petitions for mandamus.

The duration of the requested stay should extend until the Federal Circuit has ruled on the Nimitz Petition.

4

Alternatively, Plaintiff respectfully requests a stay of the above-captioned cases on grounds that the Court does not have any Article III jurisdiction to order the hearings and to order Plaintiffs' principals to appear at a hearing after the cases have been dismissed. *State Nat'l Ins. Co.*, 824 F.3d at 407; *SmallBizPros*, 618 F.3d at 463; *First Nat'l Bank*, 411 F.2d at 677. There is no case or controversy to support the Court's authority to proceed.

Plaintiff further states that the evidentiary hearings are improper because (1) the Court did independent factual research without giving notice to the parties, (2) the Court did not disclose the independent factual research to the parties, (3) the Court relied on information from its independent factual research when entering its order on the hearing, yet the Court did not give the parties the opportunity to object to whether the Court should properly take judicial notice of the information found during its factual research, and (4) the Court did not disclose in its hearing order the factual basis for the Court's concern that Plaintiff's disclosures were not accurate. *Woods v Showers*, 822 Fed. Appx. 122, 126 (3rd Cir 2020) (non-precedential); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 650-651 (7th Cir. 2011; *United States v. Brocato*, 4 F.4th 296, 303-304 (5th Cir. 2021).

Thus, Plaintiffs further request that such a stay of the above-captioned cases be continued until the Court (a) discloses the independent factual research that it performed (*e.g.*, Internet searches, articles, websites, publicly available documents,

5

discussions with persons who are not staff or employees of the Court); (b) discloses the facts (whether obtained through its independent factual research or otherwise) it relied on for the Court's concern that Plaintiff's statement that Plaintiff did not receive any non-recourse third-party funding was not accurate; and (c) Plaintiff has an opportunity to object to the Court taking judicial notice of such information as a basis for entering its hearing Order.

      A proposed form of Order is attached.

      Pursuant to D. Del. Local Rule 7.1.1, counsel for the parties conferred prior to the filing of this motion.

Dated: November 22, 2022

| Of counsel: | Respectfully submitted, |
|---|---|
| Ramey LLP<br>William P. Ramey, III (pro hac vice)<br>Texas Bar No. 24027643<br>5020 Montrose Blvd., Suite 800<br>Houston, Texas 77006<br>Telephone: (713) 426-3923<br>Facsimile: (832) 900-4941<br>wramey@rameyfirm.com | CHONG LAW FIRM PA<br><br>*/s/ Jimmy Chong*<br>Jimmy Chong (#4839)<br>2961 Centerville Road, Suite 350<br>Wilmington, DE 19808<br>Telephone: (302) 999-9480<br>Facsimile: (302) 800-1999<br>Email: patent@chonglawfirm.com<br><br>ATTORNEYS FOR PLAINTIFF |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SAFE IP LLC,** | Civil Action No.: 1:22-cv-00918-CFC |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **COPYLEAKS, INC.** | |
| Defendant. | |
| **SAFE IP LLC,** | Civil Action No.: 1:22-cv-00919-CFC |
| Plaintiff, | |
| v. | |
| **GRAMMARLY, INC.,** | |
| Defendant. | |
| **SAFE IP LLC,** | Civil Action No.: 1:22-cv-00920-CFC |
| Plaintiff, | |
| v. | |
| **PROCTORIO, INC.,** | |
| Defendant. | |

## **ORDER GRANTING STAY**

This Court, having considered Plaintiff's Motion for Stay, and having considered Defendant's response thereto;

IT IS HEREBY ORDERED THAT:

1. This case is stayed pending final disposition of the Nimitz Petition in *In re Nimitz Technologies LLC*, Appeal No. 23-103 (Fed. Cir.); and
2. The Parties shall file with this Court a Status Report within thirty (30) days of the final disposition of the Nimitz Petition.
3. Alternatively, any and all Orders and/or proceedings in the above-captioned cases, including staying the evidentiary hearing, are stayed until thirty (30) days after the Court provides information regarding the independent factual research by which time Plaintiff shall file any objection to the Court taking judicial notice of such information as a basis for entering its hearing Order.

SO ORDERED this___day of November, 2022.

_____
UNITED STATES CHIEF DISTRICT JUDGE